Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6127 | **DATE** | 5/30/2001 |
| **CASE TITLE** | Craig D. McKinley vs. District 205 Thornton Township | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: We find no reason to toll the statutory period in this case and, therefore, enter judgment in favor of defendant, thereby terminating the case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAY 31 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 33 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials *tta* | E0-7 FILED FOR DOCKETING 01 MAY 31 AM 8:28 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIG D. MCKINLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 99 C 6127 |
| v. ) | |
| ) | Judge Wayne R. Andersen |
| DISTRICT 205 THORNTON ) | |
| TOWNSHIP, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Craig D. McKinley, has sued his former employer, Thornton Township High School District 205, for employment discrimination under Title VII. Defendant has moved for summary judgment based on the fact that plaintiff failed to file his Complaint within ninety days of receiving his right to sue letter. For the reasons stated below, we grant defendant's motion and terminate this case.

## BACKGROUND

The facts are taken from the parties' statements of uncontested facts and the responses thereto. Plaintiff alleges in his First Amended Complaint that defendant discriminated against him while he worked as a probationary teacher on the basis of his race and sex. Plaintiff filed his charge of discrimination with the Equal Employment Opportunity Commission on December 22, 1998. Plaintiff requested and received a Right to Sue Letter from the EEOC on May 19, 1999 and was issued that letter on June 8, 1999. The Notice of this Right to Sue was sent to plaintiff by regular and certified mail. The United States Postal Service receipt indicates that plaintiff received this

notice on June 16, 1999. (Plaintiff claims that he cannot recall when in June he received his notice, but the evidence of the date on the receipt is uncontroverted.) Plaintiff filed his lawsuit on September 16, 1999, ninety-two days after receiving the Notice.

Plaintiff has asserted, without documentation or affirmation, that he experienced a migraine headache on September 14, 1999 that prevented him from filing his case. He does not offer an explanation for why he failed to file the case on the following day. He also contends that he believed that the ninety day period included business days only.

## DISCUSSION

Summary judgment is appropriate when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law . Fed. R. Civ. P. 56 (c). Although plaintiff argues that he does not recall when he received his notice and, therefore, disputes the fact that he received it on June 16, 1999, he has not submitted any evidence to support this unverified assertion. Further, the receipt that defendant has submitted in support of its motion is to the contrary, indicating that plaintiff received his Notice of the Right to Sue on June 16, 1999. Therefore, there is no genuine issue of material fact concerning when plaintiff received his Notice.

The statute, 42 U.S.C. § 2000(e)-5(f)(1), and the right to sue letter itself plainly provide that any suits filed after the dismissal of the EEOC charge must be filed within ninety days of the party's receipt of the notice of the right to sue letter from the EEOC. This time period applies to pro se litigants like plaintiff, and even a one day delay will bar the claim. Wilson v. Doctors Hospital of Hyde Park, 909 F. Supp. 580, 581 (N.D. Ill. 1996); Brown v. City of Chicago, No. 96 C 3078, 1998 WL 704278 (N.D. Ill. Sept. 30, 1998). Without a legally cognizable excuse for the late filing, plaintiff's complaint is barred.

Plaintiff argues that the Court should excuse his tardiness because he attempted to file his Complaint on September 14, 1999, but was prevented from doing so because he experienced a severe migraine headache. He does not offer an excuse for his failure to file on the following day or for failing to file on any other day during the ninety day period.. The statutory ninety day period is not a jurisdictional requirement, but is subject to equitable tolling. Zipes v. Trans World Airlines, Inc., 435 U.S. 385, 393 (1982). This doctrine may apply when a plaintiff experiences a physical disability, but is only available under limited circumstances. Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996). The plaintiff must plead and prove that (1) his physical condition prevented him from filing during the specified period and (2) this condition existed for the majority of the filing period. Chaney v. The City of Chicago, No. 95 C 1979, 1996 WL 718519 (N.D. Ill. Dec. 12, 1996)(citations omitted.).

Plaintiff has not proffered any evidence to support his contention that he was too ill to file the Complaint. He has not provided an affidavit to this effect or documentation from a treating physician. Further, although he states that he attempted to file on September 14th and was prevented from doing so because of his illness, he does not offer any excuse for his failure to file the Complaint the next day. Plaintiff has not met his burden to show that the ninety day period should be tolled because of illness. In addition, the case he cites in support of his argument, Price v. Public Service Co. of Colorado, 1 F.Supp.2d 1216 (D. Colo. 1998), only stands for the proposition that equitable tolling may apply when one party acts in such a way as to induce another to forbear acting. Plaintiff has not offered any evidence that defendant somehow misled him concerning the need to file suit or in any other way prevented him from so doing.

3

Plaintiff also argues that he was confused about how to calculate the ninety days. However, the law and letter makes clear that the statutory period refers to calendar days. Further, plaintiff need only have contacted the EEOC to have this question answered for him.

We find no reason to toll the statutory period in this case and, therefore, enter judgment in favor of defendant, thereby terminating the case.

Wayne R. Andersen
United States District Judge

Dated: May 30, 2001